IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VICTOR HUGO MORENO-ONTIVEROS, | § § | |
| Movant, | § | |
| | § | 3:18-cv-1901-D (BT) |
| v. | § | 3:16-cr-0171-D |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Victor Hugo Moreno-Ontiveros, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The district court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the § 2255 motion should be denied.

I.

Movant pleaded guilty to use of a cellphone in causing or facilitating the commission of felonies under the Controlled Substances Act, in violation of 21 U.S.C. §§ 843(b) and (d)(1), and the district court sentenced him to 41 months in prison. The Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *United States v. Moreno-Ontiveros*, 707 F. App'x 249 (5th Cir. 2017).

In his § 2255 motion, Movant argues:

1.  His guilty plea was involuntary;

1

2. He received ineffective assistance of counsel when his trial counsel failed to interview witnesses, raise defenses, consult with him, negotiate a plea agreement that was beneficial to him, provide exculpatory evidence, present mitigating evidence, object to the drug quantity, and raise the defense of entrapment;

3. The trial court erred when it:

   (a) failed to order that Movant attend a drug rehabilitation program;

   (b) allowed testimony from certain government witnesses even though the government did not provide proper notice of this testimony;

   (c) imposed an obstruction enhancement;

   (d) improperly admitted cocaine evidence;

   (e) failed to declare a mistrial when the government introduced evidence of other offenses;

4. The government breached the plea agreement when it objected to the finding in the pre-sentence report ("PSR") that Movant could not pay a fine;

5. His conviction is invalid because the government entrapped him; and

6. The evidence was insufficient to support the conviction.

## II.

In 2013, the FBI received information from a confidential informant ("CS-1") that a person known as "Chuy" distributed multi-kilogram quantities of cocaine in the Dallas, Texas, area. (ECF No. 41 at ¶ 9, Case No. 3:16-cr-00171-D-2.) Agents determined that Chuy was Movant's co-defendant Felix Cervantes. (*Id.*) Agents

also received information from a second confidential informant ("CS-2") that Movant was Cervantes's source of supply. (*Id.* at ¶ 10.)

FBI agents obtained a warrant to wiretap Cervantes's phone. (*Id.* at ¶ 11.) Agents also arranged several controlled purchases of cocaine from Cervantes. For example, on May 30, 2013, agents used CS-1 to arrange a purchase of cocaine from Cervantes at a ranch in Dallas. (*Id.* at ¶ 12.) When CS-1 arrived at the ranch, Cervantes obtained a bag of cocaine and provided it to CS-1. (*Id.*) Forensic testing confirmed the drug was cocaine hydrochloride with a net weight of 25.6 grams and purity of 24.9 percent. (*Id.*) Later, on June 18, 2013, agents arranged a second purchase from Cervantes by CS-1. (*Id.* at ¶ 13.) Forensic testing showed the net weight of the cocaine was 108.2 grams with a purity of 27.3 percent. (*Id.*) On July 30, 2013, agents arranged another purchase. (*Id.* at ¶ 14.) Cervantes met CS-1 at a residence in Dallas and provided him with 54.6 grams of cocaine with a 19.4 percent purity. (*Id.*)

On August 23, 2013, agents arranged for CS-1 to purchase two ounces of cocaine from Cervantes. (*Id.* at ¶ 16.) Telephone monitoring showed that Cervantes called Movant and asked Movant to deliver the cocaine to CS-1 at the ranch. (*Id.*) Movant met CS-1 at the ranch and delivered 54.3 grams of cocaine with a purity of 21.2 percent. (*Id.*) Later that same day, agents had CS-1 contact Cervantes again and ask to purchase another four ounces of cocaine. (*Id.* at 17.) Telephone monitoring showed that Cervantes called Movant and directed Movant to deliver

the drugs to CS-1. (*Id.*) That evening, Movant met CS-1 at the ranch and provided CS-1 with 107.1 grams of cocaine with a purity of 26.3 percent.

The government charged Movant in a three-count indictment with conspiracy to possess with intent to distribute a controlled substance, possession with intent to distribute a controlled substance, and use of a cellphone in causing or facilitating the commission of felonies under the Controlled Substances Act. Pursuant to a plea agreement, Movant pleaded guilty to use of a cellphone in causing or facilitating the commission of felonies under the Controlled Substances Act. After sentencing, the government dismissed the two remaining counts.

III.

### 1. **Guilty Plea**

Movant argues he did not knowingly and voluntarily plead guilty. A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 629 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea, however, does not require a trial court to determine that the defendant has a perfect understanding of the consequences. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and a realistic understanding of the consequences of the guilty plea." *Id.* A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 417 (5th Cir. 2002).

Here, the record shows Movant voluntarily pleaded guilty. Movant informed the court that he had the opportunity to read and discuss the indictment with his attorney, and that he understood the charge against him. (ECF No. 77 at 7, Case No. 3:16-cr-00171-D-2.) He said he understood the plea agreement and plea agreement supplement, and that before signing them, he had the opportunity to read them carefully and review them with his counsel. (*Id.* at 8.) He also had no corrections to the plea agreement or plea agreement supplement. (*Id.* at 9.) The court advised Movant of the punishment range, and Movant stated he understood the range. (*Id.* at 13-14.) Movant said no one had threatened or forced him to plead guilty and that he was pleading guilty voluntarily and of his own free will. (*Id.* at 10.) The court advised Movant of his trial and constitutional rights, and Movant stated he understood these rights. (*Id.* at 10-12.) Movant said no one made any specific promise as to what his sentence would be, and he understood the judge would decide his sentence. (*Id.* at 13.) Movant stated he discussed the sentencing guidelines with his attorney, and she explained the guidelines to him. (*Id.* at 14.)

5

He stated he understood the court could sentence him above the advisory guideline range. (*Id.* at 16.) Movant said that before he signed the factual resume, he had the opportunity to read and discuss the factual resume with his attorney. (*Id.* at 18.) He stated he understood the factual resume and had no changes or corrections. (*Id.* at 8.) He stipulated that all facts in the factual resume were true and correct, and he admitted he committed all essential elements of the offense. (*Id.* at 18-19.) He also stated he was satisfied with his attorney's representation and advice. (*Id.* at 8.)

Despite this record, Movant argues he did not knowingly and voluntarily plead guilty because his counsel failed to inform him of the possible immigration consequences of his plea. In *Padilla v. Kentucky*, 559 U.S. 356 (2010), the Court held that the Sixth Amendment requires defense counsel to inform non-citizen clients of the deportation risks in pleading guilty. Movant states that if he had known of these immigration consequences, he would not have pleaded guilty.

The record contradicts Movant's claim. Prior to pleading guilty, Movant informed the district court that he was not a United States citizen. (ECF No. 77 at 5.) Movant also stated he understood that pleading guilty could subject him to immediate deportation and could prohibit him from becoming a United States citizen. The record shows as follows:

> THE COURT:   Do you understand that by pleading guilty to this felony offense, if I accept your plea, you will be adjudged guilty and that judgment may deprive you of valuable rights or privileges; for example, it may prevent you ever from becoming a citizen of

|   |   |
|---|---|
|   | the United States, if that were your desire, and it may subject you to immediate deportation from the United States after serving any period of imprisonment? |
| DEFENDANT: | I understand, Your Honor. |
| THE COURT: | Do you also understand that your plea of guilty may affect your residency in the United States or your status with immigration officials? |
| DEFENDANT: | I understand, Your Honor. |

(*Id.* at 10.) Additionally, in his plea agreement, Movant stated he was pleading guilty, "regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States." (ECF No. 16 at 2-3, Case No. 3:16-cr-00171-D-2.)

Movant was therefore aware of the immigration consequences of his guilty plea, and he pleaded guilty after being made aware of those consequences. He has failed to establish that his guilty plea was involuntary. This claim should therefore be denied.

**2.   Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Movant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Movant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight."

7

*Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a movant must prove prejudice. To prove such prejudice, Movant must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a movant argues his guilty plea was not voluntary due to the ineffective assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

### A.   Waived Claims

Movant alleges his counsel was ineffective because counsel failed to interview witnesses, consult with Movant, raise defenses, negotiate a plea agreement that benefitted Movant, and provide exculpatory evidence.

8

A movant's claims that he received ineffective assistance of counsel prior to entering his plea are waived by a voluntary guilty plea "*except* insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (citations omitted). Movant's claims do not relate to the voluntariness of his guilty plea. *See id.* (finding claims of ineffective assistance of counsel for failure to review evidence, investigate witnesses or the legality of movant's arrest, and failure to find flaws in the prosecution's case were non-jurisdictional and waived by valid guilty plea); *see also, Wisener v. Thaler*, No. 4:09-CV-359-Y, 2010 WL 546738 at *4 (N.D. Tex. Feb. 17, 2010) ("[T]o the extent [movant] complains that . . . trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are non-jurisdictional and are waived by the plea.") (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)); *Walker v. Thaler*, No. 4:11-CV-776-, 2012 WL 426639 at *6 (N.D. Tex. Feb. 10, 2012) (finding valid guilty plea waived claims that counsel "failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance [movant's] sentence, and file pretrial motions."). These claims should therefore be denied.

Further, the claims are without merit. Movant does not state what other witnesses counsel should have interviewed and has failed to submit evidence that any witness would have testified favorably for the defense. *See Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986) (stating "hypothetical or theoretical testimony

9

will not justify the issuance of a writ"). Although Movant also claims his counsel would have testified that she had exculpatory evidence, (ECF No. 15 at 10), he has submitted no affidavit or other evidence to support this claim. He states his counsel failed to consult with him, but he has failed to explain how a further consultation would have reasonably changed the outcome of his case. These conclusory claims should be denied. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Movant also argues his counsel failed to obtain a plea agreement that benefitted him. Under the plea agreement, however, the government dismissed two counts against him – one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, and one count of possession with intent to distribute a controlled substance. (*See* ECF No. 16 at 5, Case No. 3:16-cr-00171-D-2.) Movant has failed to show he received ineffective assistance of counsel because counsel failed to interview witnesses, consult with Movant, raise defenses, negotiate a plea agreement that benefitted Movant, and provide exculpatory evidence.

### B. Mitigating Evidence

Movant argues his counsel failed to submit mitigating evidence by arguing that Movant had a drug addiction, was not violent, did not possess a weapon, was not a risk to the public, and was culturally assimilated in the United States. The record shows defense counsel did offer mitigation arguments at sentencing.

10

Counsel raised Movant's lack of criminal history, and argued Movant was culturally assimilated. Counsel stated Movant had not lived in Mexico since he was fifteen years old, and at the time of sentencing he was forty-four years old. (ECF No. 78 at 21, Case No. 3:16-cr-00171-D-2.) Counsel informed the court that Movant's wife, two children, mother, and seven siblings all lived in the United States. Counsel also informed the court that Movant was legally residing in the United States and was working as a commercial truck driver to support his family. (*Id.*) Further, the facts of the offense as stated in the PSR showed that Movant was not alleged to have possessed a weapon. (ECF No. 41, Case No. 3:16-cr-00171-D-2.) Defense counsel argued that Movant should be sentenced to the low end of his advisory guideline range of 41 to 48 months. Movant was sentenced to 41 months. He has failed to establish ineffective assistance of counsel because counsel failed to submit mitigating evidence.

### C.   Drug Quantity

Movant argues his counsel was ineffective when counsel failed to object to the drug quantity. The PSR held Movant accountable for the drug amount in all five of the transactions between Cervantes and the confidential informant. Movant argues he should only be held accountable for the two drug transactions in which he personally participated. The record shows defense counsel raised this objection to the PSR. (ECF No. 49 at 2, Case No. 3:16-cr-00171-D-2.) Counsel also extensively argued this claim at the sentencing hearing. (ECF No. 78 at 4-12, Case No. 3:16-cr-00171-D-2). The district court, however, overruled the objection and

accepted the drug quantity as determined by the PSR. Movant has not stated what further argument counsel should have raised. This claim should be denied.

### D. Entrapment

Movant argues his counsel was ineffective for failing to argue for a downward departure or for a lesser sentence based on his claim of entrapment.

To establish the defense of entrapment, "a defendant must make a prima facie showing of (1) his lack of disposition to commit the offense and (2) some governmental involvement and inducement more substantial than simply providing an opportunity to commit the offense." *United States v. Macedo-Flores*, 788 F.3d 181, 187 (5th Cir. 2015) (citing *United States v. Stephens*, 717 F.3d 440, 444 (5th Cir. 2013)). "Predisposition . . . focuses upon whether the defendant was an 'unwary innocent' or, instead, an 'unwary criminal' who readily availed himself of the opportunity to perpetrate the crime." *Mathews v. United States,* 485 U.S. 58, 63 (1988) (citing *Sherman v. United States,* 356 U.S. 369, 372 (1958)).

Movant has failed to establish any evidence of entrapment. The record shows the FBI used a confidential informant to make a drug purchase from co-defendant Cervantes. Cervantes contacted Movant to obtain the drugs, and Movant delivered cocaine twice to the confidential informant. Movant was not contacted by FBI agents and has failed to show any inducement by the government. His counsel was therefore not ineffective for failing to argue this defense. *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (counsel is not required to make frivolous arguments).

### E. Immigration Consequences

Movant argues his counsel failed to inform him of the immigration consequences of his guilty plea. As discussed above, Movant has failed to establish he was prejudiced by his counsel's alleged deficient performance. The record establishes that prior to entering his guilty plea, Movant informed the court that he understood the immigration consequences of his plea, (ECF No. 77 at 10, Case No. 3:16-cr-00171-D-2), and he signed a plea agreement acknowledging the possible immigration consequences. (ECF No. 16 at 2-3, Case No. 3:16-cr-00171-D-2.) Movant's claim should be denied.

### 4. Procedural Bar

Movant raises numerous claims that are procedurally barred because Movant failed to raise the claims on direct appeal. He argues the trial court erred when: (1) the court failed to order him to attend a drug rehabilitation program; (2) the court allowed testimony from certain witnesses even though the government did not provide proper notice of this testimony; (3) the court imposed an obstruction enhancement; (4) the court improperly admitted cocaine evidence; and (5) the court failed to declare a mistrial when the government introduced evidence of other offenses. Movant also argues the government breached the plea agreement when it objected to the PSR's finding that Movant could not pay a fine, his conviction is invalid because the government entrapped him, and the evidence was insufficient to support the conviction.

When a movant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the movant can show cause for his failure to raise the claim on direct appeal and actual prejudice, or that he is actually innocent. *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Movant has failed to show cause for his failure to raise these claims, or that he is actually innocent. The claims are therefore procedurally barred.

Additionally, once Movant entered his guilty plea, he waived all non-jurisdictional claims that occurred prior to his plea. *United States v. Cothran*, 302 F.3d 279, 285-86 (5th Cir. 2002) (stating guilty plea admits all elements of a formal charge and waives all non-jurisdictional claims, including claims of government misconduct during the investigation). As discussed above, Movant entered a valid guilty plea. Therefore, Movant's claims that the evidence was insufficient to support the conviction and that the government entrapped him are waived.

### 5.   Misapplication of the Sentencing Guidelines

Movant argues the court misapplied the sentencing guidelines. Although Movant failed to raise this claim on direct review, he argues the claim is not procedurally barred because his failure to raise the claim was due to his counsel's failure to review discovery and raise this claim. (ECF No. 15 at 12-13.) A movant can establish cause and prejudice by showing that counsel rendered constitutionally ineffective assistance of counsel. *See United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994). Even if Movant could establish ineffective assistance of counsel, however, this claim does not entitle him to relief. A claim that the court

14

misapplied the advisory sentencing guidelines is not cognizable under § 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed. Misapplications of the Sentencing Guidelines fall into neither category and hence are not cognizable in § 2255 motions.") This claim should be denied.

### 6. Evidentiary Hearing

Movant claims he is entitled to an evidentiary hearing. An evidentiary hearing, however, is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Here, the record conclusively shows Movant is entitled to no relief. He is therefore not entitled to an evidentiary hearing.

### IV.

For the foregoing reasons, the Court recommends that the motion to vacate, set-aside, or correct sentence under § 2255 be DENIED.

Signed May 2, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).